UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Lindy Tidwell,** ) | |
| ) | 2:19-cv-00118-DCN |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMANDED** |
| **Genesis Bankcard Services, Inc.** ) | |
| **a/k/a Genesis FS Card Services, and** ) | |
| **Genesis Financial Solutions,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## COMPLAINT

1. This is an action brought by Plaintiff, Lindy Tidwell, for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 47 U.S.C. §227, 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## PARTIES

3. Plaintiff, Lindy Tidwell, is a resident and citizen of the State of South Carolina, Georgetown County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

4. Defendant Genesis Bankcard Services a/k/a Genesis FS Card Services ("Genesis"), whose corporate status is unknown to Plaintiff, may be served by way of its President and CEO, Mr. Bruce Weinstein, at its corporate headquarters, 15220 NW Greenbrier Pkwy., Suite 200, Beaverton, OR 97006. Defendant Genesis is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts.

5. Defendant Genesis Financial Solutions ("GFS"), whose corporate status is unknown to Plaintiff, may be served by way of its President and CEO, Mr. Bruce Weinstein, at its corporate headquarters, 15220 NW Greenbrier Pkwy., Suite 200, Beaverton, OR 97006.

6. The actions of Defendant Genesis were done on its own behalf and on the behalf of its parent company, Defendant GFS.

## FACTUAL ALLEGATIONS

7. Starting in August, 2016, and continuing through November, 2016, Defendant Genesis, on behalf of Defendant GFS, began calling Plaintiff's home and cellular telephone numbers in an attempt to collect alleged debts. Plaintiff has never had an

      account with Defendants, has never entered any agreement with Defendants, has never provided any telephone number to Defendants, and has never consented to receive telephone calls from Defendants.

8. Defendant Genesis made telephone calls to Plaintiff from multiple telephone numbers, including, but not limited to, (336) 395-5397; (864) 896-8063; (770) 691-3011; and (704) 445-5006.

9. When Plaintiff would answer Defendants' telephone calls, there would be a long pause before a person would actually appear on the line. Plaintiff would repeatedly say "hello" to an empty line until one of Defendants' employees was finally connected to the call by way of Defendants' auto-dialer.

10. Plaintiff told Defendants to cease calling her telephone whenever she actually was able to speak to a representative. In spite of Plaintiff's instruction, Defendants continued to call Plaintiff in an attempt to collect an alleged debt.

11. From August, 2016 through November, 2016, Defendants carried out a systematic campaign of harassment against Plaintiff by calling Plaintiff no less than 78 times on her cellular telephone number in an attempt to collect an alleged debt. Every call made by Defendants to Plaintiff was in an attempt to collect an alleged debt and was made with the intent and purpose to harass, annoy, and/or coerce the Plaintiff into paying an alleged debt, and were made after Plaintiff made clear to Defendants that she wanted all telephone calls to stop.

12. Upon information and belief, a number of calls placed to the Plaintiff's cellular telephone by Defendants were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.  The automatic dialing system was evidenced by the fact that Plaintiff continually picked up her telephone and spoke, but was met with only silence while the automatic telephone dialing system attempted to connect the auto-dialed call to a live operator.

13. Defendants repeatedly called Plaintiff on a number that was assigned to a cellular telephone service.  Additionally, Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

14. Plaintiff did not expressly consent to Defendants' placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).  Defendants knew, or should have known, that they were calling Plaintiff's cellular telephone numbers without express consent.  Additionally, any consent Defendants claim to have received was revoked by Plaintiff during the telephone calls happened upon her by Defendants.

15. Plaintiff never entered into any contract with Defendants or executed any other document or agreement which provided Defendants permission to contact Plaintiff on her cellular telephone.

16. None of Defendants' telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

17. The telephone calls made by Defendants were in violation of 47 U.S.C. §227(b)(1).

18. Plaintiff received no notice of any class litigation and hereby opts out of any class action that is currently pending or that may be filed hereafter.

## COUNT ONE
**(Violation of the Telephone Consumer Protection Act)**

19. Plaintiff hereby adopts all of the allegations set forth in paragraphs 8 through 18 as if set forth fully herein.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

21. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT TWO
**(Violation of the Telephone Consumer Protection Act)**

22. Plaintiff hereby adopts all of the allegations set forth in paragraphs 8 through 21 as if set forth fully herein.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

24. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

### COUNT THREE
### (Invasion of Privacy)

25. Plaintiff hereby adopts all of the allegations set forth in paragraphs 8 through 24 as if set forth fully herein.

26. South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff.

27. Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to collect an alleged debt.

28. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and physical sickness and invaded the Plaintiff's privacy.

29. The conduct of the Defendants in engaging in the systematic campaign of harassment by repeatedly telephoning the Plaintiff demonstrates Defendants' blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

30. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

31. Additionally, as all of the acts undertaken and performed by the Defendants and their employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiff is also entitled to punitive damages from the Defendants.

## COUNT FOUR
### (Negligent Training and Supervision)

32. Plaintiff hereby adopts all of the allegations set forth in paragraphs 8 through 31 as if set forth fully herein.

33. Defendants knew or should have known of their inadequate training and supervision. If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

34. Defendants knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the TCPA and South Carolina law.

35. Defendants negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

36. As a result of the Defendants' negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
**Reckless and Wanton Training and Supervision**

37. Plaintiff hereby adopts all of the allegations set forth in paragraphs 8 through 36 as if set forth fully herein.

38. Defendants knew or should have known of their inadequate training and supervision. If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

39. Defendants knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the TCPA and South Carolina law.

40. Defendants recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

41. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendants for the following:

   A.   Statutory damages of $500.00 from Defendants for each and every negligent violation of the TCPA;

B. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phone by Defendants as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C. For compensatory and punitive damages in an amount to be determined by a struck jury for Defendants' negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

D. For this matter to be heard by a jury; and

E. For such other and further relief as this Court deems necessary and proper.

*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed ID No 10323
William K. Geddings, Fed ID No 12584
Attorneys for Plaintiffs

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*
Of Counsel

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

(Restricted Delivery)
Genesis Bankcard Services a/k/a Genesis FS Card Services
c/o Bruce Weinstein, President and CEO
15220 NW Greenbrier Pkwy., Suite 200
Beaverton, OR 97006

(Restricted Delivery)
Genesis Financial Solutions
c/o Bruce Weinstein, President and CEO
15220 NW Greenbrier Pkwy., Suite 200
Beaverton, OR 97006